# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-290V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *
DAYNA SOTIRHOS,

                Petitioner,

        v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * *

Special Master Corcoran

Filed: January 16, 2019

Attorney's Fees and Costs.

*Bruce W. Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.

*Daniel A. Principato*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On March 1, 2017, Dayna Sotirhos filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she suffered from a Shoulder Injury Related to Vaccine Administration as a result of her November 11, 2014 influenza vaccine. Petition at 1. The parties filed a stipulation for damages on October 18, 2018, which I adopted as my Decision awarding damages on October 19, 2018 (ECF No. 30).

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs, dated October 17, 2018 (ECF No. 27) ("Fees App."), requesting a total award of $39,399.55 (representing $36,094.85 in attorney's fees, plus $3,304.70 in costs). Fees App. at 1. Counsel also warrants that pursuant to General Order No. 9, Petitioner has not incurred any additional fees or costs related to the litigation of this case. *Id.* at 2. Respondent reacted to the motion on October 31, 2018, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. Response, ECF No. 34, at 2-3. Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion in part, awarding final attorney's fees and costs in the amount of **$38,868.53** .

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate amount of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner requests the following rates of compensation for her attorneys: for Mr. Slane: $325.00 per hour for work performed in 2016, $335.00 per hour for work performed in 2017, and

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

$345.00 per hour for work performed in 2018; for Jimmy Zgheib, $215.00 per hour for work performed in 2016 and $225.00 per hour for work performed in 2017; for AnnMarie Sayad, $215.00 per hour for work performed in 2016, and $225.00 per hour for work performed in 2017; and for Christian Martinez, $200.00 per hour for work performed in 2017-2018. Fees App. Tab A at 32. For the work of paralegals and law clerks, petitioners request amounts between $140.00 and $148.00 per hour for work performed from 2016-2018. *Id.*

I have recently considered the rates of Mr. Slane and his associates and paralegals, and found requested rates comparable to those contained in the present fees motion to be reasonable. *See Grant v. Sec'y of Health & Human Servs.*, No. 16-1446V, 2018 WL 5832137, at *4 (Fed. Cl. Spec. Mstr. Sept. 18, 2018). As a result, no adjustment to the requested rates in this case is required.

The number of hours expended on this matter by Mr. Slane and other attorneys appears to be largely reasonable, but several reductions of paralegal time billed must be made. First, a paralegal billed 4.0 hours on "TC to CVS Pharmacy" without further explanation as to what the purpose of the call was to warrant spending four hours on the phone call. Fees App. Tab A at 3. Based upon other billing entries around the same time, I presume this was a typo and the actual amount of time billed should be 0.4 hours, which would be more consistent with time billed for telephone calls by paralegals. Second, and more generally, paralegals and law clerks billed excessive time for completing some tasks, and also billed for tasks which are administrative/clerical in nature.

For example, billing entries were routinely made for preparing exhibits for filing, an administrative task which has consistently been found to be non-compensable. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); Fees App. Tab A at 12, 15. (entries on 12/16/16, 1/19/17, and 2/23/17). Paralegals also appear to have overbilled for several tasks. Paralegal "DC" routinely billed 0.2 hours for tasks which, in the undersigned's experience, should not be billed for greater than 0.1 hours – examples of this can be found on 2/28/18, 3/8/18, 5/14/18 (0.2 hours for review of CMECF generated notices for filings by Petitioner), and 6/29/18 (0.2 hours for filing a routine status report). *Id.* at 26-29. Review of minute entries was also routinely billed for 0.1 hours. These entries are essentially boilerplate language generated by CMECF to memorialize a conference or hearing involving the Court and the parties, and billing even 0.1 hours for review of these entries is, in my experience, likely excessive. *See Krieg v. Sec'y of Health & Human Servs.*, No. 16-1226V, 2018 WL 6427133, at *2 (Fed. Cl. Spec. Mstr. Nov. 2, 2018).

Finally, it appears that an excessive amount of time was spent on certain tasks. For example, paralegal "DC" billed a total of 2.6 hours to prepare a motion for extension of time, a straightforward two-page document (excluding signature caption). *See* Petitioner's Second Motion for Enlargement of Time, ECF No. 21. Another example occurs on 10/24/17, when 4.4 hours was

billed for "Created expert package for Dr. Katz with letters and exhibits." Fees App. Tab A at 18. Given that on the same day Mr. Slane spent only 0.2 hours to review and revise the expert letter prepared, this billing entry does not allow me to ascertain the nature of the work performed and the amount of time spent on each task.

For all these reasons, I find that an overall reduction to paralegal/law clerk time billed of five percent is appropriate. This results in a total reduction of **$531.02**.[4] Petitioner is thus entitled to attorney's and paralegal fees in the amount of **$35,563.83**.

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners request $3,304.70 in overall costs. The majority of this amount ($2,275.00) is for the work of Petitioner's expert, Dr. Michael Katz. Dr. Katz billed at a rate of $350.00 per hour, and spent 9.5 hours reviewing medical records and preparing an expert report. Fees App. Tab B. at 87-88. I find Dr. Katz's requested rate to be reasonable and the hours billed appropriate for the work he performed in this matter. Accordingly, I will fully reimburse Petitioner for the work of Dr. Katz. The remainder of the costs (consisting of medical records, mailing costs, and the Court's filing fee) are reasonable, and Petitioner has provided adequate documentation for all. Thus, Petitioner is entitled to a final award of costs of **$3,304.70**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$38,868.53** (representing $35,563.83 in attorney's fees and $3,304.70 in costs) as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Mr. Bruce Slane, Esq. In the absence of a timely-filed motion for review (see

---

[4] $10,620.50 (total amount of time billed by law clerks and paralegals, but excluding time billed by attorneys at paralegal rates) * 0.05 = $531.02.

Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.